# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 4:09-CR-0346-3 |
| v. | : (Judge Conner) |
| **JERROD O. DOZIER,** | : |
| Defendant | : |

## MEMORANDUM

Presently before the court is a post-trial motion for judgment of acquittal (Doc. 186), filed by defendant Jerrod Dozier ("Dozier"). Dozier moves for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. For the reasons that follow, the motion (Doc. 186) will be denied.

## I. Factual Background & Procedural History

On October 22, 2009, a grand jury indicted Dozier on one count of conspiracy to distribute 50 or more grams of cocaine base, also known as "crack" cocaine, in violation of 21 U.S.C. § 846 as well as aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. 1). On December 8, 2010, Dozier pleaded not guilty to both counts. (Doc. 45). On July 28, 2011, a Superseding Indictment was filed, increasing the quantity of cocaine base to 280 or more grams. (Doc. 71). Dozier pleaded not guilty on August 15, 2011. A jury trial commenced on October 2, 2012. (Doc. 85; Tr. at 1). The following factual basis was advanced at trial.

Officer Madigan, a narcotics investigator with the Pennsylvania State Police Department, testified that he began an undercover investigation of a trailer in Tioga

County, Pennsylvania after receiving reports of crack cocaine distribution. (Doc. 181 at 16, 19, 22). In the course of the investigation, Officer Madigan arrested the inhabitants of the trailer, their family members, and alleged distributors of the crack cocaine. (Doc. 181 at 27). The government offered reduced sentences to those charged in exchange for their truthful testimony. (Doc. 181 at 35).

Shawna Lee Lehman identified Dozier as a distributer of crack cocaine to the trailer. (Doc. 181 at 42). She testified that Dozier came to the trailer with his brother "J," and cousin "G". (Doc. 181 at 42). After Dozier's visits, the trailer was stocked with crack cocaine for sale. (Doc. 181 at 42). Another witness, Shane Curry, similarly testified that Dozier would come to the trailer with his brother "J" when the trailer was "dry." When Dozier and "J" left the trailer, Curry had crack cocaine available to distribute. (Doc. 181 at 65).

Jimmy Dake testified that after Dozier's visits to the trailer, crack cocaine was available. (Doc. 181 at 79). Further, he testified that he witnessed Dozier, his brother "J," and Paul Surine, the owner of the trailer, discuss the price of additional crack cocaine for a future sale. (Doc. 181 at 82). Sonny Surine testified that Dozier was a supplier of crack cocaine to the trailer with "J" and "G." (Doc. 182 at 13, 14). The three came more than weekly. (Doc 182 at 15). He testified that he saw all three personally distribute crack cocaine inside the trailer. (Doc. 182 at 29). Lisa Lehman-Curry also testified that Dozier brought crack cocaine to the trailer and most of the time he accompanied "J" and "G." (Doc. 182 at 35). She testified that Dozier normally stayed in the car when "J" and "G" entered the

2

trailer as a result of a dispute between Dozier and herself. (Doc. 182 at 37). Lisa Lehman-Curry believed that "J," "G," and Dozier competed against one another to sell crack cocaine. (Doc. 182 at 48).

In regard to the amount of crack cocaine being distributed, Francis Spotts testified that "J" and "G" would come to the trailer nearly everyday for 18 months and sell an ounce of crack cocaine. (Doc. 181 at 94). Lisa Lehman-Curry testified that Dozier, "J," and "G" distributed an ounce a day, or every other day, at the trailer for 12 to 18 months. (Doc. 182 at 45).

The jury found Dozier guilty on both counts of the superseding indictment. (Doc. 170). Dozier filed the instant motion on November 19, 2012. (Doc. 186). The motion is fully briefed and ripe for disposition.

## II. **Standard of Review**

On a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, the court must "determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." United States v. Smith, 294 F.3d 473, 476 (3d Cir. 2002) (quoting United States v. Wolfe, 245 F.3d 257, 262 (3d Cir. 2001)). The court must deny the motion "if there is substantial evidence, viewed in the light more favorable to the government, to uphold the jury's decision." United States v. Flores, 454 F.3d 149, 154 (3d Cir. 2006). Under this highly deferential standard of review, it is not the court's task to "weigh[] credibility and assign[] weight to the evidence." United States v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005). However, in a conspiracy

conviction, the court "must closely scrutinize the sufficiency of the evidence" because an individual's guilt must always remain 'individual and personal.'" United States v. Davis, 458 Fed. App'x. 152, 157 (3d Cir. 2012) (quoting United States v. Tyson, 653 F.3d 192, 206 (3d Cir. 2011)).  The decision to overturn a conviction based upon insufficient evidence may only be made "where the prosecution's failure is clear."  United States v. Leon, 739 F.2d 885, 890 (3d Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

**III. Discussion**

Dozier argues that the government presented insufficient evidence to support his convictions of conspiracy and distribution of cocaine base, as well as insufficient evidence of the amount of cocaine base distributed. (Doc. 194).

**A. Conspiracy**

Dozier alleges that Trooper Madigan and Lisa Lehman did not provide any evidence that Dozier engaged in any overt act to aid the other co-Defendants or to further their conspiracy.  21 U.S.C. § 846 states that, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  Scrutinizing the evidence so as to base Dozier's guilt on his own actions, the court concludes that there was sufficient evidence for a rational jury to find beyond a reasonable doubt that he was part of a criminal conspiracy to distribute cocaine base.

4

Evidence of an overt act is not required to establish a violation of 21 U.S.C. § 846. United States v. Shobani, 513 U.S. 10 (1994). Nevertheless, Shawna Lee Lehman, Shane Curry, Jimmy Dake and Sunny Surine produced testimony that Dozier came to the trailer to deliver crack cocaine with "J" and "G." (Doc. 181 at 42, 65, 79; Doc. 182 at 13). Moreover, Jimmy Dake testified that he witnessed a meeting between Dozier, "J," and his father, Paul Surine, negotiating the terms of a future sale of crack cocaine. (Doc. 181 at 82).

Dozier argues that the jury erred in finding him guilty of conspiracy because Lisa Lehman testified that he was in competition with "J" and "G." (Doc. 182 at 37; Doc 194 at 5). The court may not, when ruling on a motion for judgment of acquittal pursuant to Rule 29, weigh evidence or assess credibility of witnesses. See United States v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005) ("Courts must be ever vigilant in the context of Fed. R. Crim. P. 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence[.]"). The court concludes that there was sufficient evidence for a rational jury to conclude beyond a reasonable doubt that Dozier engaged in a criminal conspiracy to distribute cocaine base.

**B.     Distribution**

Dozier argues that no reasonable juror could conclude that he was guilty of distribution because the prosecution did not provide credible evidence that he distributed 280 grams of cocaine base himself. 18 U.S.C. § 2 provides that, "whoever commits an offense against the United States or aids, abets, counsels,

5

commands, induces or procures its commission, is punishable as a principal." The government did not have to assert that Dozier distributed the 280 grams himself, but that he "aided and abetted" in the distribution. The prosecution had the burden of proving that Dozier became "associated" with a criminal venture and participated in it. U.S. v. Mercado, 610 F.3d 841 (3rd Cir. 2010) (holding that evidence that the defendant was present in the drug seller's car was sufficient to prove aiding and abetting).

At trial, the government presented substantial evidence concerning Dozier's association and participation with the distribution of crack cocaine. Numerous witnesses explained that after Dozier's visits to the trailer, there was crack cocaine available for sale. (Doc. 181 at 42, 65, 79; Doc. 182 at 14, 35). Further, Jimmy Dake testified that Dozier and J negotiated the prices of crack cocaine, expressing Dozier's participation in the distribution. (Doc. 181 at 82). Based upon all of this evidence, the court concludes that a reasonable jury could find that Dozier aided and abetted in the distribution of crack cocaine.

### C. Amount of Crack Cocaine

Dozier asserts that the government failed to produce any evidence of the amount of crack cocaine Dozier conspired to deliver or delivered himself. Quantity is an essential element of the crime, and must be proved beyond a reasonable doubt. U.S. v. Providence, 378 Fed. App'x. 192 (3rd Cir. 2006). The government provided ample testimony to convince a reasonable juror that Dozier was involved

in the conspiracy and distribution of crack cocaine; therefore, the jury's finding as to the amount of crack cocaine was clearly supported by evidence.

Lisa Lehman testified that she purchased approximately one ounce (28 grams) of cocaine base from "J," "G," and Dozier approximately every other day for 12 to 18 months. This amount far exceeds the necessary 280 grams in the indictment. (Doc. 182 at 45). Further, Francis Spotts testified that nearly an ounce of crack cocaine was being sold to the trailer everyday for 18 months. (Doc. 181 at 94). The jury's finding was amply supported by record evidence.

## IV. Conclusion

For the foregoing reasons, the court will deny Dozier's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:    February 22, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:09-CR-0346-3** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **JERROD O. DOZIER** , | : | |
| | : | |
| **Defendant** | : | |

# **ORDER**

AND NOW, this 22nd day of February, 2013, upon consideration of defendant Jerrod Dozier's motion (Doc. 186) for judgment of acquittal, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 186) for judgment of acquittal is DENIED.

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge